**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raye Ellen Stiles, | No. CV-21-00533-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Sarita Nelson, | |
| Defendant. | |

On December 14, 2021, Plaintiff Raye Ellen Stiles filed a Complaint against Sarita Nelson (Doc. 7) and a sealed Application to Proceed in Forma Pauperis (Doc. 11). Also pending are Plaintiff's Motion to Allow Electronic Filing by Party Appearing without Attorney (Doc. 9) and Plaintiff's Motion for Process of Service by United States Marshal (Doc. 10).

**I.   Application to Proceed In Forma Pauperis and Motion to Allow Electronic Filing by Party Appearing without Attorney**

The Court may authorize the commencement and prosecution of a civil action "without prepayment of fees or security therefor" if the plaintiff submits an affidavit including a statement of all assets. 28 U.S.C. § 1915(a)(1). In proceedings in forma pauperis, officers of the court "shall issue and serve all process." 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3).

Plaintiff's Application for Leave to Proceed In Forma Pauperis indicates that she lacks sufficient assets to pay the filing fees in this action. Plaintiff's Application for Leave to Proceed In Forma Pauperis will be granted.

The Court will also grant Plaintiff's Motion to Allow Electronic Filing by Party Appearing without Attorney (Doc. 9), as the Motion indicates Plaintiff satisfies the requirements for electronic filing.

**II.     Statutory Screening of Complaints**

The Prison Litigation Reform Act states that a district court "shall dismiss" an *in forma pauperis* complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely

explanations" for a defendant's conduct. *Id.* at 681.

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation omitted). Nevertheless, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

### III. Plaintiff's Complaint

Plaintiff's Complaint alleges a violation of the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (Doc. 7),[1] but Plaintiff does not identify any specific provision of that Act. Plaintiff alleges that Defendant "doxxed"[2] her and posted personal photos of Plaintiff, which Plaintiff had taken, on the internet without Plaintiff's permission. (*Id.*) Plaintiff further alleges that Defendant "displayed" her personal emails without her permission. (*Id.*) Plaintiff asserts that the photographs and emails are copyright-protected. (*Id.*) Plaintiff seeks a court order directing that the infringing material be removed from the internet, an injunction prohibiting Defendant from publishing Plaintiff's photographs or emails in the future, and damages in the amount of $1,000. (*Id.*)

### IV. Discussion

The allegations of Plaintiff's complaint are not sufficient to state a claim on which relief can be granted. The Court cannot reasonably infer that Defendant is liable for the

---

[1] Plaintiff also alleges a violation of "§§ A.R.S. II Sec. 8" (Doc. 7 at 1), but it is not clear which Arizona statute Plaintiff is attempting to reference. The Court notes that Title II of the Arizona Revised Statutes has been repealed.
[2] Doxing is a type of online harassment in which a person publishes someone's personal identifying information online without that person's consent. *See* https://www.avast.com/c-what-is-doxxing (last accessed January 5, 2021).

misconduct alleged without a more specific statement of the factual and legal bases for Plaintiff's claims. Plaintiff has alleged no facts to show that her photographs and emails are copyright-protected within the meaning of the Copyright Act, that Defendant violated the Copyright Act by publishing that information online, or that Plaintiff preregistered or registered her copyright claim under 17 U.S.C. § 411 prior to bringing an action for copyright infringement. Furthermore, Plaintiff has not alleged that Defendant's alleged "doxing" violated federal law. Because Plaintiff has failed to allege facts sufficient to state a claim for relief, the Court will dismiss the Complaint with leave to amend. Plaintiff is warned that this case may be dismissed if she fails to file a timely amended complaint curing the deficiencies addressed herein.

Because the Complaint will be dismissed with leave to amend, Plaintiff's Motion for [Service of Process] by United States Marshal (Doc. 10) will be denied. Furthermore, the Motion is moot because the Court is granting Plaintiff's Application to Proceed in Forma Pauperis and therefore officers of the court will issue and serve all process if Plaintiff files an amended complaint that states a claim on which relief can be granted. 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3).

Good cause appearing,

**IT IS ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Doc. 11) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 7) is **dismissed with leave to amend**. Plaintiff shall file an Amended Complaint within **forty-five (45) days** of the date this Order is filed. If Plaintiff fails to file an Amended Complaint within forty-five (45) days, the Clerk of Court shall enter a judgment of dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for [Service of Process] by United States Marshal (Doc. 10) is **denied** as unnecessary.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Allow Electronic Filing by Party Appearing without Attorney (Doc. 9) is **granted**. Plaintiff is granted leave to

electronically file documents in this case only.  Plaintiff is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual ("ECF Manual"),[3] have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, be registered as a subscriber to PACER (Public Access to Electronic Records), and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.  Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.

**IT IS FURTHER ORDERED** that, in accordance with the ECF Manual, within **five (5) days** of the date this Order is filed, Plaintiff must register as a user with the Clerk's Office and as a subscriber to PACER.

Dated this 12th day of January, 2022.

_____
Honorable Rosemary Márquez
United States District Judge

---

[3] The ECF Manual is available at: http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.